UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENISA M. M.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 2:19-CV-00172-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide any specific, clear and convincing reason, supported by substantial evidence, to reject Plaintiff's subjective symptom testimony. Had the ALJ properly considered Plaintiff's subjective symptom testimony, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this

matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 4, 2016, Plaintiff filed an application for DIB, alleging disability as of September 7, 1993. *See* Dkt. 6, Administrative Record ("AR") 12. As Plaintiff has sufficient DIB coverage to remain insured through September 30, 1996, the relevant inquiry is whether Plaintiff established disability between the alleged onset date – September 7, 1993 – and the date last insured – September 30, 1996.[1] *See* AR 12. Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR 12. ALJ C. Howard Prinsoloo held a hearing on November 3, 2017. AR 34-56. In a decision dated January 22, 2018, the ALJ determined Plaintiff to be not disabled. AR 9-25. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-8; 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) provide any specific, clear and convincing reason to reject Plaintiff's subjective symptom testimony; (2) properly evaluate her depression at Steps Two and Three of the sequential evaluation process; properly consider medical records from T.W. Martin Jr., M.D.; Richard M. West, M.D.; Richard D. Swetman, DC; and Anna Larson Spink, PT; and provide germane reasons to reject lay testimony from Plaintiff's husband; and (3) provide an RFC determination that is complete and supported by substantial evidence. Dkt. 8, pp. 2-17. Plaintiff requests the Court remand this matter for an award of benefits. *Id.* at pp. 17-18.

---

[1] Plaintiff does not dispute this finding from the ALJ. *See* Dkt. 8.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ provided legally sufficient reasons to reject Plaintiff's subjective symptom testimony.**

Plaintiff argues the ALJ failed to provide any clear and convincing reason to reject her subjective symptom testimony. Dkt. 8, pp. 13-15.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834 (citation omitted). While Social Security Administration ("SSA") regulations have eliminated references to the term "credibility," the Ninth Circuit has held its previous rulings on claimant's subjective complaints – which use the term "credibility" – are still applicable.[2] *See* Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (noting SSR 16-3p is consistent with existing Ninth Circuit precedent). Questions of credibility are solely within the ALJ's control. *Sample v.*

---

[2] Because the applicable Ninth Circuit case law refers to the term "credibility," the Court uses the terms "credibility" and "subjective symptom testimony" interchangeably.

*Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).

Plaintiff testified that, after a car accident in 1993, her "life just stopped." *See* 37, 41. She no longer had the energy to bathe herself, get out of bed, or cook. AR 41. Plaintiff experienced "exhaustion" and "pain" such that even "touching [her] skin" could be "overwhelming" at times. *See* AR 41. Plaintiff experienced sensitivity, pain, and numbness in her feet, hands, and legs, which she reported was "debilitat[ing]." AR 42. Further, Plaintiff testified that she had anxiety during the relevant period. AR 43.

Plaintiff also testified that, during the relevant period, she had trouble sitting due to nerve pain in her left buttocks and leg. AR 44-45. As such, Plaintiff was unable to get "comfortable" sitting, and needed to use pillows while sitting. AR 45. Plaintiff also described painful bladder spasms. AR 45-46. Additionally, she testified that she had difficulty with concentration and finishing tasks. AR 46-47. Moreover, Plaintiff stated she was "not dependable" and struggled to be social. AR 46-47.

On disability report forms, Plaintiff alleged disability due to fibromyalgia, depression, neuropathy, low back/disc problems, chronic fatigue, and anxiety. AR 140, 156. Plaintiff maintained she was "unable to be in any one position very long." AR 155; *see also* AR 160. She had difficulty getting out of bed, talking to people, and asserted she was "not reliable enough to work a regular schedule" due to pain and anxiety. AR 155. On a typical day, Plaintiff took her medications, did "small chores" – such as feeding her animals or doing laundry – and rested or went back to sleep for "a few hours." AR 156. Her pain each day determined whether she could do house or yard work. AR 157. Plaintiff reported she could drive, but would "pay the price for the next few days" if she did so. AR 157. Plaintiff went grocery shopping two times per month

"on good days," but this caused pain back. AR 157. She could bathe if she was "feeling well enough," though she was "usually exhausted after," and prepared meals such as frozen dinners or sandwiches once per week. AR 158. While Plaintiff could do laundry, she needed her husband or son to carry laundry baskets for her. AR 158. Plaintiff reported she needed help and encouragement to complete house and yard chores due to pain. AR 158.

Regarding social activities, Plaintiff communicated with others "usually by computer or phone." AR 159. She did not "go out much due to anxiety and pain." AR 159. Plaintiff also needed reminders to go places. AR 159. Plaintiff's conditions affected several of her abilities, including her ability to lift, squat, bend, stand, walk, sit, kneel, hear, climb stairs, see, remember, complete tasks, concentrate, understand, and follow instructions. AR 160. Additionally, she experienced cramps when walking. AR 160.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 18. However, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 18. Specifically, the ALJ discounted Plaintiff's subjective symptom testimony because of (1) her daily activities, including her ability to do house chores and care for her children; (2) advice from a treating physician who recommended exercise; and (3) the objective medical evidence, including a lack of treatment around her alleged onset date. *See* AR 18-20.

First, the ALJ rejected Plaintiff's testimony because he found "disability seems inconsistent with [her] ability to care for a toddler, her other children, and do some light housework." AR 19; *see also* AR 20. There are two grounds under which an ALJ may use daily activities to form the basis of an adverse credibility determination: (1) whether the activities

contradict the claimant's other testimony, and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). In this case, the ALJ referred to the first ground by stating Plaintiff's child and homecare activities were inconsistent with disability. *See* AR 19, 20. However, the ALJ failed to explain *how* these activities undermine Plaintiff's testimony. *See* AR 19, 20. As the ALJ did not explain "*which* daily activities conflicted with *which* part of [Plaintiff's] testimony," he erred. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (emphasis in original); *see also Lester*, 821 F.3d at 834 (citation omitted) ("General findings [of credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

Furthermore, in discounting Plaintiff's testimony, the ALJ cited Plaintiff's ability to perform housework and care for her children. *See* AR 19, 20. "Evidence that [Plaintiff] is able to socialize or perform some household chores is not determinative of disability." *McClain v. Halter*, 10 Fed. Appx. 433, 437 (9th Cir. 2001) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987)); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Moreover, "the mere fact that [the claimant] cares for small children does not constitute an adequately specific conflict with her reported limitations," particularly where the record lacks details on the claimant's childcare activities. *See Trevizo*, 871 F.3d at 682. Because the ALJ relied on Plaintiff's ability to do some housework and care for her children, his finding that her activities were inconsistent with her testimony is not clear and convincing. *See id.*; *see also Reddick v. Chater*, 157 F.3d 715,

722 (9th Cir. 1998) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

Second, the ALJ remarked that he found a physician's "advice" for Plaintiff to exercise "inconsistent with a disabling physical condition." AR 19. To the extent the ALJ intended to discount Plaintiff's testimony because of this physician's advice, this, too, is insufficient. The ALJ failed to provide any explanation as to how this single treatment note recommending exercise is inconsistent with, or undermines, Plaintiff's subjective symptom testimony. Given the ALJ's lack of explanation, he erred. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Third, the ALJ rejected Plaintiff's subjective symptom testimony because he found the objective medical evidence "not consistent with the degree of limitation alleged" during the relevant period. *See* AR 18; *see also* AR 18-20. The ALJ also noted there was "no objective medical evidence of any functional limitations" on Plaintiff's alleged onset date. AR 20. Determining a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998); *see also Fisher v. Astrue*, 429 Fed. Appx. 649, 651 (9th Cir. 2011). Further, an ALJ may properly rely on unexplained or inadequately explained failure to seek treatment. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). However, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter*, 806 F.3d at 489. Rather, to discount a claimant's testimony, an ALJ "must state *which*

testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 917 (emphasis added); *see also Lester*, 81 F.3d at 834.

Here, after finding Plaintiff's testimony not consistent with the medical evidence, the ALJ summarized portions of the medical evidence pain but did not link any of the cited medical records to specific testimony or statements from Plaintiff. *See* AR 18-20. Rather, the ALJ merely summarized the medical evidence and failed to provide any explanation as to how the evidence undermines Plaintiff's testimony. *See* AR 18-20. By only providing a recitation of the medical evidence, the ALJ failed to identify *which* testimony is not credible and *what* evidence suggests Plaintiff's complaints are not credible. *See Dodrill*, 12 F.3d at 917. Likewise, the ALJ failed to explain how the lack of objective medical evidence on Plaintiff's alleged onset date undermines her subjective symptom testimony. *See* AR 20; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence"). Accordingly, the ALJ's finding that Plaintiff's subjective testimony is inconsistent with the objective findings and a lack of treatment is not sufficiently specific to properly reject her testimony.[3]

Finally, to the extent the ALJ discounted Plaintiff's subjective symptom testimony because it was not supported by the objective medical evidence, this reason alone is insufficient. *See* AR 21-22. A claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50

---

[3] Defendant argues the ALJ also rejected Plaintiff's testimony due to "improvement" with medication and treatment. Dkt. 9, pp. 7-8. While the ALJ noted Plaintiff "reported some improved symptoms," he did not state he found Plaintiff's testimony unsupported for this reason. *See* AR 19. To the extent the ALJ intended to reject Plaintiff's testimony because of improvement, he erred, as he failed to provide any explanation as to how Plaintiff's report of improvement undermines her testimony. *See Dodrill*, 12 F.3d at 917; *Treichler*, 775 F.3d at 1103.

(9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc)); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Fair*, 885 F.2d at 601. The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995).

The ALJ arguably provided three reasons for discounting Plaintiff's subjective symptom testimony, all of which the Court has determined are improper. *See* AR 18-20. Thus, to the extent the ALJ intended to discount Plaintiff's testimony because it is unsupported by the objective evidence, this is the sole remaining reason for rejecting Plaintiff's testimony. As a claimant's pain testimony may not be rejected solely because it is unsupported by the objective evidence, the Court need not determine whether the ALJ properly rejected Plaintiff's testimony on this basis.

For the above stated reasons, the Court finds the ALJ failed to provide a specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony. Therefore, the ALJ erred.

Harmless error principles apply in the Social Security context. *Molina*, 674 F.3d at 1115. An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Plaintiff testified to greater limitations than those included in the RFC determination and hypothetical questions posed to the vocational expert ("VE"). For example, Plaintiff reported "debilitat[ing]" sensitivity, pain, and numbness in her feet, hands, and legs. AR 42. In contrast, the RFC and hypothetical questions found Plaintiff could perform light work and occasional climbing, balancing, kneeling, crouching, and crawling. AR 17, 54-55. Plaintiff also testified she was not reliable enough to work a regular schedule, which shows absenteeism. AR 155. The RFC and hypothetical questions posed to the VE, however, did not find Plaintiff would be absent from work. AR 17, 54-55. Hence, had the ALJ properly considered Plaintiff's subjective symptom testimony, he may have included additional limitations in the RFC and in the hypothetical questions posed to the VE. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

**II.    Whether the ALJ properly evaluated Plaintiff's depression, medical records, and the lay witness testimony.**

Plaintiff contends the ALJ failed to properly assess her depression at Steps Two and Three of the sequential evaluation process. Dkt. 8, pp. 2-5. Further, Plaintiff asserts the ALJ failed to properly consider medical records and evidence from Dr. Martin, Dr. West, Dr. Swetman, and Ms. Larson Spink, and lay witness testimony from Plaintiff's husband. *Id.* at pp. 9-13, 15-17.

The Court has determined the ALJ harmfully erred in his assessment of Plaintiff's subjective symptom testimony. *See* Section I., *supra*. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of Plaintiff's testimony may impact his assessment of Plaintiff's impairments, the ALJ shall reconsider

Plaintiff's depression at Steps Two and Three.[4] Additionally, the ALJ is directed to re-evaluate the medical records and evidence from Dr. Martin, Dr. West, Dr. Swetman, and Ms. Larson Spink, and the lay witness testimony from Plaintiff's husband, on remand.

**III.     Whether the RFC assessment is supported by substantial evidence.**

Plaintiff maintains the RFC determination is incomplete in light of Plaintiff's testimony, the medical evidence, and lay witness evidence. Dkt. 8, pp. 5-9. In particular, Plaintiff argues the RFC fails to account for Plaintiff's "good and bad days"; sitting limitations; limited range of motion; pain on sitting, lifting, and climbing stairs; sleep disturbances; and medication side effects. *See id.*

The Court has found the ALJ committed harmful error and has directed the ALJ to reassess Plaintiff's subjective symptom testimony, Plaintiff's depression at Steps Two and Three, medical records and opinion evidence, and lay witness testimony on remand. *See* Sections I.-II., *supra*. Hence, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Four, and, if necessary, Step Five, to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal.

---

[4] In the Reply brief, Plaintiff argues the ALJ erred in his assessment of other impairments at Step Three. Dkt. 10, p. 8. As these Step Three arguments were not clearly raised in the Opening Brief, the Court will not address them. *See Coleman v. Quakers Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) (citation omitted) ("[I]ssues cannot be raised for the first time in a reply brief."); *see also Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) (citation omitted) ("[A]rguments not raised by a party in an opening brief are waived.").

1 | Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the
2 | ALJ did not properly consider two physicians' findings).

**IV.     Whether an award of benefits is appropriate.**

Lastly, Plaintiff requests the Court remand this matter with a direction to award benefits. *See* Dkt. 8, pp. 17-18.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate Plaintiff's subjective symptom testimony; Plaintiff's depression at Steps Two and Three; records and opinion evidence from Dr. Martin, Dr. West, Dr. Swetman, and Ms. Larson Spink; lay witness testimony; the RFC; and the Step Four and Five findings on remand. Because outstanding issues remain regarding Plaintiff's testimony and severe impairments, the medical evidence, lay witness testimony, the RFC, and Plaintiff's ability to perform jobs existing

in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 16th day of July, 2019.

David W. Christel
United States Magistrate Judge